ELLEN O'CONNELL *vs.* THE STATE OF CONNECTICUT.

The act of 1861 provides for aid to the families of persons residing in this state who should enlist in the military service of the United States, upon a return to the Comptroller of the names of such volunteers and of the persons composing their families by the selectmen of the towns where they reside. An Irishman residing in this state, who had left his family in Ireland, enlisted, and while in the service deserted. Shortly before his desertion his family came to this country and began to reside in this state. Held, that they were not entitled to the aid before coming to this state, nor after his desertion, but were entitled to it for the intermediate time.

PETITION to the superior court under the act of 1864, praying that the comptroller of public accounts might be required to draw an order on the treasurer of the state for certain state aid given to the families of volunteers in the military service of the United States by the act of 1861. Reserved on a finding of facts for advice. The case is sufficiently stated in the opinion.

*Pratt* and *Thresher*, for the petitioner.

*Chadwick*, for the state.

HINMAN, C. J. This is a petition by the wife of a soldier for the bounty provided for the families of soldiers accepted into the service of the state, and turned over to the service of the United States, under the act of 1861. Acts of 1861, p. 32. That act provides for the payment of six dollars per month to the wife, and two dollars per month for certain of the children of such soldier while in the service of the United States, pursuant to any call of the President for volunteers or militia. The petitioner and her children had never resided in this state, or even in the country, until near the time when her husband deserted from the service, and the comptroller, on this ground as we suppose, rejected her claim for bounty, and the question submitted to us is, whether she is entitled to it for any portion of her husband's service, and if so, whether for the whole term of his service or only for the time

O'Connell v. The State of Connecticut.

after she arrived in the state and before the service expired by his desertion. We are of opinion that she is entitled to the bounty for the time she was in the state up to the time of the desertion; but that she is not entitled to anything for the previous time, during which the family was in Ireland. It is true that by reading the second section of the act literally and with strict grammatical accuracy referring the phrase " resident in this state " exclusively to the next antecedent to which it can properly be referred, and thus excluding the idea that it has any reference at all to the family of the soldier, it would seem to be wholly immaterial where the family of the soldier resided to entitle it to the benefit of the bounty. But it appears to us that in so construing the law we should do violence to its obvious object, as expressed in other parts of the law itself. The general object was to raise a sufficient force of volunteers to be turned over to the service of the United States. They were to be organized as a part of the militia of the state; and hence the act speaks of them as residents of the state. To encourage inhabitants of the state to volunteer into this service certain bounties were to be paid to the volunteers themselves, and for the support and maintenance of their families the bounties provided for in the second section were also ordered to be paid. But it was provided that the bounties for the support of the families should be paid in the first instance to the treasurers of the towns where such families resided; and the selectmen of the several towns were directed at stated times to return to the comptroller a statement of the name of each soldier having a family, resident in such town, with the name of his wife, and of each child under the age of fourteen years; and it was upon this return alone, which was to be made under oath, that the comptroller was ordered to pay to the town treasurers the amounts which the latter were to distribute among the respective families entitled to receive it. Now it is quite obvious that it would not be possible for the selectmen to comply with the law, requiring them to make return of the condition of the soldiers' families, unless such families resided where they could obtain access to them. And it would be

idle to provide for payment of bounties to such soldiers' families by the treasurers of the several towns, while the families were residing in a foreign country. But however this might be in respect to the family of a soldier, where such family was temporarily abroad, but still retaining its connection with the soldier, and of course having its permanent residence with him here, the present is clearly not a case of that sort ; and there is much less reason for supposing that the legislature could have intended that the family of a soldier situated as this family was should be entitled to bounty. The husband it appears had abandoned his wife and family in Ireland and came to this state to reside several years before he volunteered. We say he had abandoned his family in Ireland, because otherwise his constructive residence would be with them there, though he was himself temporarily here, in which case he could not be said, under this act, to be a resident of the state, and therefore in any sense within the letter or meaning of the law. Having thus abandoned his family they had their permanent residence abroad, and we are clearly of the opinion that it was not the intention of the law that the selectmen of the town from which he volunteered should look them up in order to return them as entitled to bounty under this act. The object of the law is expressed to be for the support and maintenance of the families of volunteers, and support furnished in certain cases by towns or other corporations was to be reimbursed out of the bounty to such town or other corporation. But no town was under any obligation to support this family while it was residing in Ireland, and no support furnished it was intended to be reimbursed. Indeed it was probably not the intention that families of foreigners who happened temporarily to be residing here, but whose families were abroad, should be enabled to come here and take the benefit of the law because the head of the family happened to enlist or volunteer while so residing in the state. But the language is such as to bring the family, while residing here, clearly within its provisions, and we therefore think that for the short period after their arrival here, and before the

desertion of the soldier, the bounty must be paid to them ; and so we advise the superior court.

In this opinion the other judges concurred.

## SUPREME COURT OF ERRORS.

### MIDDLESEX COUNTY, NOVEMBER TERM, 1865.

Present,

HINMAN, C. J., DUTTON, BUTLER AND McCURDY, Js.